UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHUN T. LEE, LIPING SUN on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE SUPER MARKET, INC. d/b/a ShopRite, VILLAGE SUPER MARKET OF NJ, L.P. d/b/a ShopRite, RONALD L. GOLEY, HUA HUANG, JOHN DOE, JANE DOE, fictitiously named parties, true name(s) unknown, and COMPANY ABC, COMPANY XYZ, factiously named business entities, true name(s) unknown<br><br>Defendants. | CIVIL ACTION<br><br>Case No.:<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND |

Plaintiffs CHUN T. LEE and LIPING SUN (hereinafter referred to as "Plaintiffs") by way of Complaint against the Defendants, states as follows:

## INTRODUCTION

1. Plaintiffs allege on behalf of himself and on behalf of other similarly situated current and former employees of Defendants pursuant to the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law that among other things, they are entitled to unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, liquidated damages, prejudgment interest, post-judgment interest, and attorney's fees and costs.

## THE PARTIES

2. Plaintiffs are former employees of the defendants.

3. Defendants VILLAGE SUPER MARKET, INC. d/b/a ShopRite and VILLAGE SUPER MARKET OF NJ, L.P. d/b/a ShopRite (collectively, hereinafter referred to as

1

"Village" or "ShopRite") are companies incorporated in the State of New Jersey which conducts business in the State of New Jersey.

4. Defendants VILLAGE SUPER MARKET, INC. and/or VILLAGE SUPER MARKET OF NJ, L.P. own and operate many different Shoprite locations, including the locations where Plaintiffs worked.

5. Both Village entities are involved in the management, operation, and/or ownership of certain ShopRite locations, including locations where Plaintiffs worked.

6. For instance, on its website, Village Super Market, Inc. claims that it owns and operates many ShopRite locations, including the Livingston, NJ location where the plaintiff was employed.

7. The name Village Super Market, Inc. also appeared on Employee Schedule at the Livingston, NJ location.

8. However, it is Village Super Market of NJ, L.P. that issued some or all of the paychecks to ShopRite employees, including Plaintiffs.

9. Both Village entities should be held liable for the labor law violations at issue.

10. Upon information and belief, Defendant Ronald L. Goley is an individual who resides in the state of New Jersey.

11. Upon information and belief, Defendant Hua Huang is an individual who resides in the state of New Jersey.

12. At all relevant times, Plaintiffs were individually engaged in interstate commerce or in the production of goods for interstate commerce.

13. At all relevant times, each corporate defendant has been, and continue to be, an enterprise engaged in interstate commerce and/or the production of goods for interstate commerce in within the meaning of the FLSA, 29 U.S.C. § 201 et al.

14. Upon information and belief, at all relevant times, Village has had gross revenues in excess of $500,000.

15. Upon information and belief, at all relevant times, the defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled such goods and materials.

16. Upon information and belief, Defendant Hua Huang was a Chinese food manager for Defendant enterprise at the locations where Plaintiff worked.

17. Upon information and belief, Defendant Hua Huang had the power to hire and fire employees, set schedules, retain records, supervised Plaintiff, and retained records.

18. Upon information and belief, Defendant Ronald L. Goley was the kitchen manager for the Defendant enterprise at the location where Plaintiff worked.

19. Upon information and belief, Defendant Ronald L. Goley had the power to hire and fire employees, set wages, set schedules, supervised Plaintiff, and retained records.

20. Defendants John Doe and Jane Doe are individuals, true names unknown at this time, affiliated with the other defendants.

21. Defendants Company ABC and Company XYZ are business entities, true names unknown at this time, affiliated with the other defendants.

22. All defendants are "employers" as defined in the Fair Labor Standards Act and the New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the enterprise was located in this district, and all transgressions occurred in this district.

### COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

25. Plaintiffs seek to prosecute their overtime claims as a collective action on behalf of all persons employed by the defendants at all relevant times, who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members"), pursuant to 29 U.S.C. §216(b).

26. Plaintiffs further seek to prosecute their overtime claims as a class action on behalf of all persons employed by the defendants at all relevant times, who were non-exempt employees within the meaning of the FLSA and the New Jersey Wage and Hour Law, and who were not paid statutory overtime compensation at rates not less than one-and-one-half times the regular rates of pay for hours worked in excess of forty hours per workweek (the "Class Members"), pursuant to Fed. R. Civ. P. 23.

27. The Collective Action Members and the Class Members are similarly situated to Plaintiffs in that they were employed by defendants as non-exempt workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

### FACTS

28. Plaintiff Chun T. Lee was hired as a chef for the Asian food section of ShopRite on or about June 10, 2014, and remained employed by Defendants until about March 30, 2019.

29. Plaintiff Lee generally worked five days a week under a work schedule from 8:00 a.m. until 6:00 p.m. However, he would work until about 7:30 pm from time to time.

30. Plaintiff Liping Sun was hired as a chef for the Asian food section of ShopRite on or about March 21, 2015, and remained employed by Defendant until about November 23, 2018.

31. Plaintiff Sun generally worked five days a week under a work schedule from 8:30 am until 6:30 pm. However, he would work until about 7:30 pm from time to time.

32. Plaintiffs' job duties primarily included preparing Chinese food for the Asian food section.

33. However, from time to time, Defendant Ronald L. Goley, on behalf of ShopRite, would assign other tasks to Plaintiffs.

34. Defendants Hua Huang and Ronald L. Goley supervised Plaintiff's work, and controlled his work schedule.

35. Defendants failed to pay Plaintiffs statutory overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek.

36. Plaintiffs generally received a fixed weekly salary, regardless of the number of hours worked.

37. Defendants violated multiple aspects of the federal and state labor laws by mishandling each plaintiff's personal days, sick days, holidays, vacation time, breaks, time spent in changing clothes and cleaning his person, and overtime compensation calculations.

38. Defendants failed to meet the statutory recordkeeping requirements under both the federal and state labor laws.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act- Overtime**

39. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

40. Under the FLSA, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek.

41. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiff was entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

42. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

43. Defendants have not made a good faith effort to comply with the FLSA in regards to paying Plaintiff's compensation.

44. As a result of Defendants' actions, Plaintiff has been damaged and is entitled to recover unpaid overtime wages and an equal amount in liquidated damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid overtime wages, liquidated damages, prejudgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

### SECOND CAUSE OF ACTION

**Violation of the New Jersey Wage & Hour Law- Overtime**

45. Plaintiff repeats and incorporates each of the preceding allegations as if fully set

forth herein.

46. Under the New Jersey Wage & Hour Law, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek, N.J.S.A. 34:11-56a4 and NJAC 12:56-6.1.

47. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week, in violation of N.J.S.A. 34:11-56a4.

48. As a result of Defendants' actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages under the New Jersey Wage and Hour law, including without limitation unpaid overtime wages, liquidated damages, prejudgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: April 30, 2019

**WANG, GAO & ASSOCIATES, P.C.**
*Attorney for Plaintiffs*

By: Heng Wang, Esq.
36 Bridge Street
Metuchen, NJ 08840
Tel:   (732) 767-3020
Fax:   (732) 343-6880
heng.wang@wanggaolaw.com